JAMES C. McBURNEY, plaintiff in error *vs.* THOMAS H. HARRIS *et al.*, defendants in error.

1. H. & M. carried on a hotel, in partnership, for three months, M. owning the house and furniture.   At the end of this time H. leased the house from M. and bought the furniture, giving his notes for $10,000 00 therefor.   H. alleging that he had been deceived as to the value of the furniture, the

McBurney *vs.* Harris *et al.*

parties had a settlement, at which $2,000 00 was taken off the price, H. credited with a sum which had been paid, and new notes were taken for the balance. Afterwards, and after H. had used the furniture nearly three years, M., by H's consent, when the lease had not expired, leased the house and sold the furniture on hand to W., M. agreeing to settle with H.: *Held*, that on a settlement M. is only chargeable with the value of the furniture at the time of the sale to W.

2. When on the trial of a bill filed by H. against M. for a settlement, M. had sworn that at the time the $2,000 00 was deducted from the original $10,000 00, and certain payments allowed and new notes given, all accounts and demands then existing between the parties were included, and H. contradicted this and set up that M. owed him on the partnership matter, it was error in the Court to refuse to permit the counsel of M., in his argument to the jury, to discuss the rights of the parties under the settlement, and force him to elect whether he would stand by it or go behind it.

Partnership. Lease. Settlement. Attorney. Argument of counsel. Before Judge HILL. Bibb Superior Court. April Term, 1874.

Reported in the opinion.

LANIER & ANDERSON, HILL & HARRIS; WHITTLE & GUSTIN, for plaintiff in error.

J. & J. C. RUTHERFORD, for defendants.

McCAY, Judge.

It appears that McBurney and Harris were partners in a hotel, McBurney owning the house and the furniture. Harris, after a while, bought the furniture, and leased the house for five years. The price paid for the furniture was not definitely fixed, thought notes were given based on a former appraisement.. Harris complaining, the parties had a settlement, and $2,000 00 was taken off the price, various credits put upon the debts, and new notes taken for the balance. On the trial, McBurney testified that this settlement included *all demands* of both parties up to the date of the new notes. Harris said that nothing was included but the deduction and certain cash payments he had made. After about three years, Harris gave up his lease, and McBurney made a new lease to Wheelan,

and sold Wheelan the furniture as his.   Harris consented to this, provided McBurney would settle with him.   The jury, by their finding, charged McBurney with the price Harris had agreed to give for the furniture.   During the argument the judge refused to permit McBurney's counsel to discuss before the jury what would be the rights of the parties in case the jury should consider there had been no general settlement at the giving of the new notes, as well as what would be their rights if there was, the court holding that he must choose whether to abide by the settlement or not.

1. We think the jury was wrong in charging McBurney with the price of the furniture, as Harris had agreed to pay for it; that is, to treat the sale as rescinded.   Harris had the use of it for three years; was he to have all that for nothing?   Was the wear and tear of it nothing ?   Evidently the real intent was for McBurney to buy back the furniture, to take it off Harris' hands at its worth.   He got from Whelan far less than Harris had given for it, and it was doubtless worth far less.   In fairness and equity, Harris ought only to be allowed the worth of it at that time.   As no price was agreed on, a *quantum valebat* was the true sum to charge McBurney with.

2. We think, too, the court had no right to limit the counsel as he did.   Both views of the case were before the jury, and it was for them to determine which they would take under the evidence, and it was the right of the counsel to discuss the result according to either view.   The record in this case is very voluminous, and many questions are made which we think immaterial, but we grant a new trial on the two grounds we have specified.

Judgment reversed.